UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST HORIZON HOME LOANS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LUCIANA ARIM, ET AL.,<br><br>　　　　Defendants.<br>_____/ | No. C-10-05308 DMR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND REMANDING CASE TO CONTRA COSTA SUPERIOR COURT** |

Before the court is Plaintiff First Horizon Home Loans' motion to remand this unlawful detainer action to the Superior Court of the State of California, Contra Costa County following Defendants Luciana and Sami Arim's removal. *See* Docket No. 3 (Motion for Remand of Action to State Court). For the following reasons, Plaintiff's motion is GRANTED.

**I. Background**

Plaintiff is the purchaser of real property at a trustee's sale, which Plaintiff alleges occurred in accordance with California state law. Compl. ¶ 5. Defendants are individuals who are alleged to be holdover occupants of the subject property. Compl. ¶ 7, 10. Defendants' notice of removal alleges upon information and belief that Plaintiff is a citizen of Tennessee. *See* Docket No. 1, Notice of Removal. Defendants are residents of California. *See* Docket No. 1, Notice of Removal.

Plaintiff alleges that following the trustee's sale and perfection of Plaintiff's title to the subject property, Plaintiff served Defendants on October 12, 2010 with a written notice to quit and deliver possession of the property to Plaintiff within three days. Compl. ¶ 8, Ex. 2. Defendants did not deliver possession of the property within three days, and remain in possession of the property without Plaintiff's consent. Compl. ¶¶ 9, 10. Plaintiff alleges that no landlord/tenant relationship exists between Plaintiff and Defendants. Compl. ¶ 6.

On October 26, 2010, Plaintiff filed a verified Complaint for Unlawful Detainer in the Superior Court, seeking, *inter alia*, restitution and possession of the property in question and holdover damages at the rate of $126.57 per day from October 16, 2010. Compl. at 3. The caption of the Complaint states the following: "DEMAND OF COMPLAINT DOES NOT EXCEED $10,000.00." *Id*. at 1. On November 23, 2010, Defendants removed Plaintiff's action to this court on the grounds that this court had jurisdiction over the action based on diversity jurisdiction. *See* Docket No. 1, Notice of Removal.

On January 13, 2011, Plaintiff filed the pending motion for remand. *See* Docket No. 3. Defendants filed a timely written opposition.[1] *See* Docket No. 15.

## II. Legal Standard

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

---

[1] The Court also received a late, unauthorized submission by Defendants entitled "Declaration of Luciana Arim in Opposition to Plaintiffs [sic] Motion to Remand Action to State Court." *See* Docket No. 19. This submission does not provide any information that impacts the Court's decision to remand this matter to state court.

2

(citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "[A] federal court can exercise removal jurisdiction over a case only if it would have had jurisdiction over it as originally brought by the plaintiff." *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

### III. Discussion

Defendants' Notice of Removal asserts that removal is proper on the basis of the court's diversity jurisdiction. They contend that removal is proper in this regard because (1) Defendants are residents of the state of California, (2) Plaintiff is believed to be a citizen of Tennessee, and (3) the amount in controversy "far exceeds" $75,000.[2] Docket No. 1, Notice of Removal at 2. Plaintiff argues that removal of this action was not proper as the amount in controversy does not meet the jurisdictional minimum, as Plaintiff's complaint for unlawful detainer only seeks holdover damages which do not exceed $75,000.[3]

To support their argument that removal was proper, Defendants claim that Plaintiff's deed to the real property in question is "invalid... [as] it was obtained by fraudulent means," and that they, and not Plaintiff, are the owners of the real property subject to Plaintiff's unlawful detainer action. Docket No. 15 at 1. Defendants allege that Plaintiff "had no right to initiate foreclosure under the

---

[2] Plaintiff filed an unlawful detainer action in state court premised on California law. No federal question, and thus no basis for federal question jurisdiction, appears on the face of the Complaint. *See Arco Envtl. Remediation, LLC v. Dep't of Health and Human Servs.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint).

[3] In Plaintiff's reply, Plaintiff further argues that the "forum defendant" rule precludes Defendants' removal of this action based on diversity jurisdiction given that Defendants are residents of the state where the action was originally brought. Docket No. 16 at 2; *see* 28 U.S.C. § 1441(b). However, a "district court need not consider arguments raised for the first time in a reply brief," *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003), and this Court elects not to do so here. Further, the issue is rendered moot as the Court concludes that remand of the action is proper on other grounds.

1 security instrument identified in the Notice of Sale, nor did it have the right to direct the Trustee to
2 foreclose and sell the Subject real property owned by Defendants." *Id*.  Therefore, while admitting
3 that Plaintiff's "damages *may or may not exceed the minimum amount required*" for diversity
4 jurisdiction, Defendants claim that *their* damages exceed the minimum amount in controversy
5 required, "as the loss of their home and equity contained therein are in excess of $75,000." *Id*. at 2
6 (emphasis added).

7     A district court has diversity jurisdiction where the parties are diverse and "the matter in
8 controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. §
9 1332. "[I]n determining whether a challenged jurisdictional amount has been met, district courts are
10 permitted only to assess the allegations in a complaint and not the validity of any asserted defenses .
11 . . ." *Ochoa v. Interbrew Am., Inc*., 999 F.2d 626, 629 (2d Cir. 1993).  Potential defenses to all or
12 part of a plaintiff's claim do not affect the amount in controversy, because the defense may be
13 shown to be invalid. *See Riggins v. Riggins*, 415 F.2d 1259, 1261-1262 (9th Cir. 1969) (that statute
14 of limitations defense might bar portion of relief sought did not affect amount in controversy).
15 Similarly, the amount in controversy is determined without regard to any counterclaim to which a
16 defendant may be entitled. *See Snow*, 561 F.2d at 789.

17     Here, Defendants have failed to demonstrate that the amount in controversy as "determined
18 from the face of the pleadings" exceeded $75,000 at the time of removal. *See Crum v. Circus Circus*
19 *Enter.*, 231 F.3d 1129, 1131 (9th Cir. 2000). To argue that the minimum amount in controversy is
20 satisfied, Defendants point to the value of "their home and the equity contained therein." Docket
21 No. 15 at 2. Defendants do not clearly formulate their argument. However, Defendants' position
22 could be construed as an argument that because they have a potential defense to or counterclaim in
23 the unlawful detainer action -- namely, that they, not Plaintiff, are the true owners of the real
24 property at issue -- the amount in controversy should be determined by reference to the value of the
25 property.[4]  Defendants' reliance on the damages they claim they have suffered is misplaced.  The

---

[4] This should not be construed as the Court's opinion that a claim that Defendants are the true owners of the property at issue is a valid defense or counterclaim against Plaintiff in the unlawful detainer action. It is merely the Court's attempt to interpret Defendants' argument.

amount in controversy for purposes of diversity jurisdiction is determined solely by reference to Plaintiff's claims, and not to any potential defenses thereto or counterclaims by Defendants. *Ochoa*, 999 F.2d at 629; *Snow*, 561 F.2d at 789.

Here, the face of the Complaint unequivocally states that the "DEMAND OF COMPLAINT DOES NOT EXCEED $10,000.00." As Plaintiff seeks $126.57 per day for Defendants' refusal to vacate the property beyond October 16, 2010, the total potential damages at the time of removal were $4,936.23, far below the $75,000 minimum required to establish diversity jurisdiction. Further, possession of the real property is the sole issue in the Complaint. The value of the property is irrelevant to the issue of possession. Accordingly, there is no basis for exercising diversity jurisdiction over the unlawful detainer action. Therefore, the case was not removable as a diversity action and remand is appropriate. *See U.S. Bank Nat'l Ass'n v. Lasoff*, 2010 WL 669239, at *5 (C.D. Cal. Feb. 23, 2010) (amount in controversy requirement not met in unlawful detainer action where holdover damages sought by plaintiff did not exceed $75,000 as of the date of the notice of removal).

## IV. CONCLUSION

For the foregoing reasons, this Court lacks diversity jurisdiction to hear this case. This Court GRANTS Plaintiff's Motion for Remand and REMANDS this case to the Contra Costa County Superior Court.

IT IS SO ORDERED.

Dated: March 9, 2011

DONNA M. RYU
United States Magistrate Judge

5